No. 3891

Second Circuit

——

## VOLENTINE v. HOUSEMAN

——

(November 7, 1930.   Opinion and Decree.)

——

Richard H. Switzer, of Shreveport, attorney for plaintiff, appellee.

Booth & Grafton, of Shreveport, attorneys for defendant, appellant.

ODOM, J. Plaintiff owns a small tract of land in Cedar Grove (now a part of Shreveport) on which he grows truck for the market. On February 26, 1930, his land overflowed, was considerably washed, some of his fertilizer was carried off and some damage was done to his onions and turnips. He alleges that this overflow and resulting damage was caused by defendant's fault and negligence in that defendant, in clearing his property, which is situated just north of plaintiff's, threw into a drainage ditch rubbish and debris causing it to fill up and overflow and the water to run over his land. This suit is to recover the amount of the damage. Defendant denies that the overflow was due to any fault of his. The lower court awarded plaintiff $50 as damage and defendant appealed. Plaintiff answered the appeal and prayed that the amount be increased.

We find in the record a plat or sketch which shows the general situation or layout of the properties from which and from the testimony it appears that plaintiff's property lies south of and adjacent to 79th street, which runs approximately east and west, and that defendant owns a lot or plot of ground north of and adjacent to that street. The land south of this street, including plaintiff's, is lower than that north of it, causing the water which accumulates during and after rains to flow towards plaintiff's land. To take the water off, there is a natural drain or branch which seems to have been converted into a ditch, running in a general northeasterly and southwesterly direction under the street, which is somewhat elevated, through a culvert at the southwest corner of defendant's lot. From this culvert, the ditch runs southwest diagonally across defendant's property.

Plaintiff's property is low and flat and originally overflowed from heavy rains. But according to the testimony, when plaintiff acquired it several years ago, he

enlarged the ditch and, since that time, the land has not overflowed. This may be, and we think probably is due to the fact that the street along the north edge of the property is elevated so that the water which accumulates on the north side is forced to run off through the culvert down the ditch.

The particular fault charged to defendant by plaintiff is that in clearing his lot of trees and rubbish preparatory to building a radio broadcasting station, he threw into the ditch poles, brush and lumber which, during a heavy rainfall on February 26th, floated down to and became lodged in the culvert, partially stopping it up, and that as a result the flow through the culvert was so retarded that the water accumulated, spread out along the north side of the street to the west and ran over the road onto plaintiff's land to the south.

On this point plaintiff made out his case. It is clear enough that the culvert under the street was of sufficient dimensions to let the water through on this particular occasion, had it not been partially obstructed by debris; and further, that the obstruction was due primarily to defendant's fault in either throwing into the ditch above the culvert or placing it so near that it washed in material and rubbish which collected in the opening. It is also proved to our satisfaction that had the water gone through the culvert under the street into the ditch through plaintiff's land, there would have been no overflow. But, due to this obstruction, the water ran over the road and thence across the land.

The defendant, having obstructed the natural flow of the water to plaintiff's hurt, must repair the damage.

"The proprietor above can do nothing whereby the natural servitude due by the estate below may be rendered more burdensome."

Civil Code, arts. 660, 661.

McFarlain v. Jennings-Haywood Oil Syndicate, 118 La. 537, 43 So. 155;

Miller v. Texas & Pacific R. R. Co., 148 La. 936, 88 So. 123;

Boatner v. Henderson, 5 Mart. (N. S.) 186.

Plaintiff was damaged some, but not to the extent he claims. The water ran over his land and washed some soil from the surface, leaving it ragged, and took away some fertilizer. It is likely that his vegetables were damaged to some extent. The trial judge heard all the testimony and in addition personally viewed the premises. He fixed plaintiff's damage at $50, and we think the award does substantial justice.

The judgment appealed from is therefore affirmed, with all costs.